# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| OSCAR AURELIANO PENA-VALENCIA,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11CV421DAK |

   This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed May 9, 2011. The court ordered the United States to respond to the motion and its response has been filed. Pursuant to a plea agreement, on April 7, 2010, Petitioner pled guilty to Count I of the Indictment and was sentenced that same day to 46 months incarceration.

   As part of the plea agreement, Petitioner accepted the benefit of this district's "Fast Track" program for illegal reentry cases. In return, Petitioner agreed to waive his right to appeal or collaterally attack his sentence except for reasons of ineffective assistance of counsel. In exchange, the government agreed to recommend that Petitioner receive an appropriate reduction under U.S.S.G. § 3E1.1 for accepting responsibility and agreed to recommend an additional two-level reduction in accordance with the district's Fast Track program. Petitioner's guideline range was 46-57 months and the court sentenced Petitioner to the low end of the range.

Petitioner raises several issues in his § 2255 motion.  However, all issues except ineffective assistance of counsel have been waived pursuant to the plea agreement.  Therefore, the only issue properly before the court is whether defense counsel's performance resulted in Petitioner entering a plea that unknowing and involuntary.

To establish a claim for ineffective assistance of counsel, Petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  The burden is on Petitioner to demonstrate that his attorney's performance was unreasonable under prevailing professional norms.  *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  To demonstrate prejudice, the second prong of the *Strickland* test, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner claims that his attorney did not conduct a thorough examination into the facts of the case and failed to interrogate witnesses.  Petitioner also claims that his attorney failed to file a motion to suppress or to apprise him of his substantive rights and potential defenses.  But Petitioner does not identify any specific evidence that his counsel should have discovered or moved to suppress.  He also fails to identify any witness who had evidence to support a defense to his illegal reentry charge. Conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of the petitioner that a plea is knowing and voluntary.  *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

By agreeing to participate in this district's fast track program, Petitioner agreed to an expedited resolution of his case. Petitioner also received a two-level reduction in his sentence. Defense counsel was required to either take the guaranteed two-level fast track reduction or take his chances on a motion to suppress and lose the two-level reduction. These types of strategic decisions are not the kind that courts second-guess. *Strickland*, 466 U.S. at 690 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'") . Defense counsel's decision to avoid the risks associated with a motion to suppress in the context of an illegal reentry case and to take advantage of a guaranteed two-level reduction is not deficient performance.

In addition, Petitioner's claim that he was not apprised of his substantive rights does not identify any specific rights and is not supported by Petitioner's plea colloquy with the court. During the plea colloquy, Petitioner acknowledged to the court that he had reviewed the Statement in Advance of Plea with his lawyer and that he was satisfied with the help given to him by his lawyer. The court went over Petitioner's rights in detail and he did not have any questions. Petitioner knew the nature of the charge, his right to plead not guilty, his right to have a jury trial, his right to call witnesses, his right to be represented by a lawyer, and his rights with respect to appeal. There is no basis for this court to conclude that Petitioner was not apprised of his substantive rights or defenses. Accordingly, Petitioner's claims that his defense counsel's performance was deficient is without merit.

**CONCLUSION**

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and his case is DISMISSED.

DATED this 27th day of June, 2011.

BY THE COURT:

DALE A. KIMBALL
United States District Judge